## JAMES H. BENCHLEY *vs.* HENRY CHAPIN.

An assignee of an insolvent estate, under *St.* 1838, *c.* 163, who is himself indebted to the insolvent, is bound to account for the whole debt, and not merely for what it sells at public auction.

PETITION under *St.* 1838, *c.* 163, § 18, in the nature of an appeal from the order of the respondent, a commissioner of insolvency, directing the petitioner to charge himself with the amount of a certain note.

James H. Benchley, the petitioner, was, on the 16th day of September, 1851, duly appointed assignee of the estate of John Leland, an insolvent debtor, and accepted said trust. Among the assets of said Leland was a promissory note, dated July 31, 1851, signed by the firm of Benchley and Jack-

15*

son, of which Benchley was a partner, payable eight months after date to said Leland or order. This note was secured by a mortgage of real estate and machinery purchased of said Leland at the time of giving the note, and in payment for which the note was given.

The said Benchley, before the third meeting of the creditors, sold the said note and mortgage, at public auction, of which due notice was given, and at which several of the creditors of said Leland were present, for the sum of $1,250, payable in thirty days. The assignee had no order from the commissioner to make such sale, but in his account, rendered the 5th day of February, 1852, charged himself with the proceeds of said sale. The commissioner ordered that he be charged with the full amount of said note with interest, to wit, $2,576.66.

There were two prior mortgages on the real estate upon which said note was secured. One of said mortgages contained a power of sale in thirty days, and the condition had been broken. There was also a prior mortgage on the machinery for $700. The condition of this mortgage was also broken, and notice to foreclose had been given, and the time of foreclosure expired four days after the day of sale. The firm of Benchley and Jackson were at the time of sale, and ever since have been, unable to pay their debts, though they were then, and ever since have been, carrying on their business of manufacturing. An offer was made at the sale by Benchley and Jackson to quitclaim any interest they had in the equity of redemption of said mortgage.

The assignee, feeling aggrieved by the decree of the decision of the court, charging him with the full amount of said note, filed his petition in this court, that as a court of chancery they might make such order or decree in the premises as law and justice shall require.

*B. F. Thomas,* for the petitioner.

*F. H. Dewey,* for the respondent.

SHAW, C. J. The petitioner sets forth that he was duly appointed assignee under proceedings in insolvency against John Leland, an insolvent debtor. Among the assets of the

estate was a promissory note, given by Benchley and Jackson, a firm of which Benchley, the petitioner, was a partner, secured by a mortgage of real and personal property. Before a divi-dend, and without authority from the commissioner, the as-signee sold this note and mortgage, at public auction, for about half the par value, and credited the proceeds in his ac-count. The commissioner rejected this credit, and required him to credit the estate with the whole amount of the note as of a debt due from himself. The object of this petition of the assignee to this court, is to obtain a reversal of this order, and authorize him to discharge himself from all further liability to the estate of the insolvent on this note, by account-ing for the proceeds of the sale.

The court are of opinion that the decision of the commis-sioner was right. Each partner is liable *in solido* for the entire debt. The assignee was debtor to the estate, of which he himself was sole representative and trustee, for the whole debt. He had no release or discharge of any sort, and no proceed-ings in insolvency had been commenced indicative of his in-ability to pay the whole debt.

In the first place, it seems very clear, that if he could sell his own debt, as he could other choses in action, this sale was premature, irregular and void. But suppose it valid, what did he sell? Certainly, a right to recover the whole debt. At whatever discount the purchaser obtained it, he obtained a legal right to recover the par value of the note. The result therefore might be, that, although the creditors were entitled to the whole, and the debtor in theory of law is bound to pay the whole, and for aught that appears, is able to pay the whole, and might in fact pay the whole to the pur-chaser, yet the creditors would lose one half, and that through the default of the only person placed by law as a trustee to protect their rights.

As a general rule of law, when the same person is bound to pay money in one capacity, and it is his duty to recover it and account for it in another, as he cannot pay himself, the law presumes that he has done what it was his duty and in his power to do, and holds him chargeable, as if actually done.

It is upon this principle that an administrator is held bound to account for his own debt to the estate of his intestate as assets. *Winship* v. *Bass,* 12 Mass. 203; *Ipswich Manufacturing Co.* v. *Story,* 5 Met. 313.

This rule, not founded on any statute or positive rule of law, almost necessarily arises out of the exigencies of the case. The assignee can take no measures to enforce the payment of a debt due by himself, as debtor to himself, as assignee. Knowing that he is a debtor when he assumes the trust and office of assignee, his assent to charge himself with the amount of his debt is tacitly admitted by the acceptance of the office. Whether, if a debtor to the estate of an insolvent should accept the office of assignee, through inadvertence or mistake of the law, or if by losses occurring afterwards, should become in fact insolvent, he might be allowed to resign, and enable the creditors to choose another assignee, to act as their representative, in collecting such debt of the assignee who has resigned, it is unnecessary to consider, for no such question is presented. Perhaps such a course might, upon a proper case shown, be deemed equitable and reasonable, especially when necessary for the relief of the sureties of the assignee.

It was stated in the facts agreed, that at the time of the sale of this note and mortgage, Benchley and Jackson offered to release all their right of redemption of the mortgaged property, to the purchaser. So far as there was value in the mortgaged property over and above prior liens, this might be of use to the purchaser. But it did not diminish or affect the personal liability of the promisors, including that of the assignee, for the payment of the whole note.

Order of the commissioner requiring the assignee to credit the estate with the whole amount of Benchley and Jackson's note, in his account as assignee, affirmed, and petition dismissed with costs. *Petition dismissed.*